UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KEENAN A. DAVIS, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:25-CV-211-CCB-SJF |
| TROY HERSHBERGER, WACASEY, SICKAFOOSE, | |
| Defendants. | |

## OPINION AND ORDER

Keenan A. Davis, a prisoner without a lawyer, filed a complaint seeking monetary damages because the emergency call button in his cell at the Allen County Jail was not answered either time he had an asthma attack. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Davis sues three defendants whom he alleges are responsible for the safety and medical care of inmates, but does not otherwise explain how they were involved in the "Claims and Facts" section of the complaint. There is no indication any of the three were monitoring his call button or were otherwise directly responsible for it not being answered. There is no general supervisory liability under 42 U.S.C. § 1983. *Burks v.*

*Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

This complaint does not state a claim against any of the named defendants. If Davis believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) **GRANTS** Keenan A. Davis until **June 5, 2025**, to file an amended complaint; and

(2) **CAUTIONS** Keenan A. Davis if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on May 2, 2025.

                                        /s/*Cristal C. Brisco*
                                        CRISTAL C. BRISCO, JUDGE
                                        UNITED STATES DISTRICT COURT