UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KEENAN A. DAVIS, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:25-CV-211-CCB-SJF |
| TROY HERSHBERGER, QUALITY CORRECTIONAL CARE, | |
| Defendants. | |

## OPINION AND ORDER

Keenan A. Davis, a prisoner without a lawyer, filed an amended complaint (ECF 5) after this court determined his original complaint failed to state any claims. *See* ECF 4. "Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When a plaintiff is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Davis, who is currently incarcerated at the Allen County Jail, alleges he has had "many struggles and astma (sic) attacks" since April 5, 2025, and "even was ignored

when I pushed the emergency button for help at night." ECF 5 at 2. He alleges he has had "many struggles" to get Quality Correctional Care to give him "proper medical care." *Id*. The only fact he provides to support this claim is that he had a "real bad astma (sic) attack at RDC, where as I was left in the cell till my airwaves was the size of a straw." *Id*. He seeks "[f]inancial compensation to the fullest" and injunctive relief in the form of having his "inhaler on me all the time of incarceration." *Id*. at 4.

According to the amended complaint, Davis is a pretrial detainee, so his claims must be analyzed under the Fourteenth Amendment. *See generally Miranda v. Cty. of Lake*, 900 F.3d 335 (7th Cir. 2018). As such, he is entitled to constitutionally adequate medical care for his serious medical needs, which requires jail staff to take "reasonable available measures" to address a "risk of serious harm" to an inmate's health or safety. *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024). Whether a defendant is providing reasonable care is determined by a purely objective standard. *Id.* First, the plaintiff must allege the defendant performed a volitional act or made a deliberate choice not to act. *Id.* at 570. "This framing asks strictly whether the defendant intended to commit the physical act that caused the alleged injury." *Id.* "[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) (quotation marks omitted). Then, the reasonableness of that action or inaction is assessed based on whether "reasonable [individuals] under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman*, 108 F.4th at 572 (emphasis omitted). Whether the defendant actually knew that his action or

inaction would cause harm is irrelevant under the Fourteenth Amendment. *Id.* "[W]hen evaluating whether challenged conduct is objectively unreasonable, courts must focus on the totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020) (quotation marks omitted).

Other than overseeing prison operations, Davis doesn't explain how the Sheriff was involved in his medical care or lack thereof. As the court previously explained in its screening order, there is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "A defendant cannot be held liable for a constitutional violation if she did not cause or participate in the alleged violation." *Moderson v. City of Neenah*, __ F.4th __, __, No. 23-2843, 2025 WL 1355332, at *5 (7th Cir. May 9, 2025); *see also George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible."). Similarly, with regard to Quality Correctional Care, although a private company performing a state function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), it cannot be based on a *respondeat superior* theory. *See Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021). Rather, "[i]n a case against a private contractor that provides healthcare to incarcerated people, the critical question for liability is whether a municipal (or corporate) policy or custom gave rise to the harm (that is, caused it)." *Id.* at 653–54 (internal quotation marks and citation omitted).

Davis's amended complaint is short on facts, dates, and specifics about the medical treatment he has received while at the Allen County Jail. Based on what it does

say, it's not plausible to infer that he is not receiving constitutionally adequate medical care. The court cannot conclude the Sheriff or Quality Correctional Care are liable to Davis for any constitutional violations. His vague allegation of lack of proper care due to "many struggles" and a reference to an asthma attack at another facility in the past isn't sufficient to state a claim. *See Pittman*, 108 F.4th at 572. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).[1]

---

[1] In addition to monetary damages, Davis has also requested that he be given access to his inhaler at all times. However, because his factual allegations are too sparse to state any viable claims, he has also failed to state a plausible claim for injunctive relief.

4

This amended complaint does not state a claim against any of the named defendants. If Davis believes he can state a claim based on (<u>and consistent with</u>) the events described in this complaint, he may file a second amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file a second amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the words "Second Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) **GRANTS** Keenan A. Davis until **June 30, 2025**, to file a second amended complaint; and

(2) **CAUTIONS** Keenan A. Davis if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on May 30, 2025.

      /s/*Cristal C. Brisco*
      CRISTAL C. BRISCO, JUDGE
      UNITED STATES DISTRICT COURT