UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

KEENAN A. DAVIS,

    Plaintiff,

        v.                   CAUSE NO. 1:25-CV-211-CCB-SJF

TROY HERSHBERGER, QUALITY
CORRECTIONAL CARE,

    Defendants.

## OPINION AND ORDER

Keenan A. Davis, a prisoner without a lawyer, filed a second amended complaint (ECF 8) after this court twice determined previous complaints failed to state any claims. *See* ECF 4 & ECF 7. "Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When a plaintiff is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Davis, who is currently incarcerated at the Allen County Jail, alleges he "went through intake" at the Allen County Jail on April 6, 2025. ECF 8 at 2. He explained to the medical staff that he used an inhaler and other prescription medications. The medical staff told him they would check with Walgreens to verify those prescriptions. On April 16, 2025, at 3:00 A.M., Davis experienced an asthma attack which caused him to collapse on the floor. He pushed the call button for help, but no one responded immediately so he began to breathe into a paper bag. Jail staff then "came though the unit doing walk through," and they told him they would contact medical. Medical did not come to his cell. *Id*. An hour later, jail staff did another walk through and told Davis medical had been notified. At 6:45 A.M., Davis went to medical for his daily diabetes check. Once there, medical staff told him they had not received an incident report about the asthma attack. He asked about his inhaler, and medical staff told him they were still waiting on Walgreens. He also asked about his "psyc medication," and they told him he would have to pay $15 for a sick call to talk about that issue. *Id*.

The next day, at around 3:30 A.M., Davis had another asthma attack. He pushed the emergency button but got no response. However, "[j]ail staff on walk through was immediately notified," and they told Davis they would let medical know. *Id*. at 3. Medical did not come to his cell. Later that morning at around 6:30 A.M., the officer told him to "let medical know [about the asthma attack] when you go down there in about 10 minutes." *Id*. When he arrived at medical for his daily diabetes check that morning, the medical staff informed him that they were still waiting on Walgreens to confirm his prescriptions.

2

Davis suffered a total of six more asthma attacks by May 1, 2025. On May 2, 2025, he was charged a "prescription fee" and was scheduled for a sick call. *Id*. When he arrived for his sick call, he was told they were still waiting on Walgreens and "can do nothing." *Id*. He admits that the jail staff are "doing cell checks through the night," but he alleges they don't respond appropriately to medical emergencies. *Id*. at 4. He claims the medical staff has neglected his medical condition(s) and refuses to treat his asthma. He blames the Sheriff because "[j]ail staff are the fingers of the Sheriff and those fingers actions or lack of action are his sole responsibility." *Id*. at 5. Davis has sued Sheriff Troy Hershberger and Quality Correctional Care for monetary damages and injunctive relief in the form of a change in jail operations, more oversight, and "[a]llowing asthma inmates to possess their own inhalers." *Id*. at 6.

According to the second amended complaint, Davis is a pretrial detainee, so his claims must be analyzed under the Fourteenth Amendment. *See generally Miranda v. Cty. of Lake*, 900 F.3d 335 (7th Cir. 2018). As such, he is entitled to constitutionally adequate medical care for his serious medical needs, which requires jail staff to take "reasonable available measures" to address a "risk of serious harm" to an inmate's health or safety. *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024). Whether a defendant is providing reasonable care is determined by a purely objective standard. *Id.* First, the plaintiff must allege the defendant performed a volitional act or made a deliberate choice not to act. *Id*. at 570. "This framing asks strictly whether the defendant intended to commit the physical act that caused the alleged injury." *Id*. "[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due

3

process." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) (quotation marks omitted). Then, the reasonableness of that action or inaction is assessed based on whether "reasonable [individuals] under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman*, 108 F.4th at 572 (emphasis omitted). Whether the defendant actually knew that his action or inaction would cause harm is irrelevant under the Fourteenth Amendment. *Id.* "[W]hen evaluating whether challenged conduct is objectively unreasonable, courts must focus on the totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020) (quotation marks omitted).

Other than overseeing prison operations, Davis doesn't explain how the Sheriff was personally involved in his medical care or lack thereof. The fact that the members of the jail staff are the Sheriff's "fingers" is insufficient to state a claim against him for monetary damages. As the court explained in both of its previous screening orders, there is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "A defendant cannot be held liable for a constitutional violation if she did not cause or participate in the alleged violation." *Moderson v. City of Neenah*, __ F.4th __, __, No. 23-2843, 2025 WL 1355332, at *5 (7th Cir. May 9, 2025); *see also George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible."). Similarly, with regard to Quality Correctional Care, although a private company performing a state function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), it cannot be based on a *respondeat superior* theory. *See*

4

*Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021). Rather, "[i]n a case against a private contractor that provides healthcare to incarcerated people, the critical question for liability is whether a municipal (or corporate) policy or custom gave rise to the harm (that is, caused it)." *Id*. at 653–54 (internal quotation marks and citation omitted). Davis's second amended complaint does not provide relevant facts that would subject either of the defendants to individual liability on a monetary damages claim. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law.") (emphasis in original)).

Davis has also requested permanent injunctive relief. He claims he has experienced approximately eight asthma attacks since April 16, 2025, and that his asthma is not being treated. Conversely, Davis admits he is being seen on a daily basis by the medical department for care related to his diabetes. Although it is difficult to assess whether he is likely to succeed in proving that his ongoing asthma care violates the Constitution—which requires more than a showing of negligence or even gross negligence, *Miranda*, 900 F.3d at 353-54—giving him the benefit of the inferences to which he is entitled at the pleading stage, Davis has alleged enough to proceed on a Fourteenth Amendment claim to ensure he is receiving constitutionally adequate medical care going forward. Troy Hershberger, as the Sheriff of Allen County, is the appropriate person to ensure Davis receives the medical care he is entitled to under the Fourteenth Amendment. *See Daniel v. Cook Cty.*, 833 F.3d 728, 737 (7th Cir. 2016);

5

*Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Davis will be permitted to proceed against the Sheriff in his official capacity solely for injunctive relief related to his need for constitutionally adequate medical care for his asthma.

That said, in the prison context, the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted). Therefore, Davis's specific requests—such as allowing inmates to possess their own inhalers—may not ultimately be determined necessary to comport with the Constitution.

For these reasons, the court:

(1) **GRANTS** Keenan A. Davis leave to proceed against Troy Hershberger, the Sheriff of Allen County, in his official capacity to obtain constitutionally adequate medical care with regard to his asthma as required by the Fourteenth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Quality Correctional Care as a defendant;

(4) **DIRECTS** the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Troy Hershberger, the Sheriff of Allen County, at the Allen County Sheriff's Department with a copy of this order and the second amended complaint (ECF 8) pursuant to 28 U.S.C. § 1915(d);

(5) **ORDERS** the Allen County Sheriff's Department to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available; and

(6) **ORDERS** Troy Hershberger, the Sheriff of Allen County, to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 18, 2025.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT